ROBERT TREAT HOTEL Co., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20985. Promulgated September 25, 1930.

*O. R. Folsom-Jones, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

969

OPINION.

VAN FOSSAN: The evidence in this proceeding establishes that the rent reserved in the lease of the premises in question did not represent the full rental value. Therefore, when the petitioner issued and delivered its common capital stock of the par value of $150,000, in payment for the assignment of the lease, it acquired something of value for such payment which it was entitled to include in its invested capital. The problem which confronts us, therefore, is at

what amount to evaluate petitioner's equity in the leasehold at the beginning of the term granted by the lease. Petitioner claims this value to have been $270,000. Respondent allowed nothing.

The record of the hearing herein contains considerable opinion evidence, the purpose of which was to prove the value of the land and building at the time of their initial occupancy by the petitioner, namely, about May 1, 1916. The estimated values testified to by the opinion witnesses were considerably in excess of the sum of $993,606.06, which was the total cost of the premises to the lessor, the Newark Hotel Investment Co., and which was the amount on which the rental stipulated was based. These estimates of the value of the land and building as of May 1, 1916, were made in 1924 and 1925. In making a retrospective appraisal it is not easy to blot out of one's mind that which one knows as the subsequent history of the property and to visualize only the factors and conditions which existed some years before. For this reason such an appraisal is not generally to be taken as conclusive evidence of value. In this case certain factors made it especially difficult to ignore subsequent development. Thus, we are not satisfied to adopt the estimated values fixed by petitioner's witnesses. Neither does the evidence prove with precision the cost of the incompleted building which petitioner acquired.

There is, however, evidence of a satisfactory character substantiating a value of $150,000, the value placed on the leasehold by petitioner itself at the time of acquisition.

The assignment agreement recited that the Robert Treat Hotel Co. had considered the value of the lease for its corporate purposes and that it would, therefore, pay for the assignment $150,000 in cash or in fully paid, nonassessable common capital stock. The petitioner, the Robert Treat Hotel Co., issued said amount of common stock in consideration of the assignment of the lease to it and included the leasehold in its invested capital in the sum of $150,000. This appraisal of value made by the petitioner contemporaneously with its acquisition of the leasehold was, under the facts in evidence, a satisfactory determination of its fair value and in our opinion the evidence in this proceeding justifies this valuation.

We have found as a fact that the fair value of petitioner's equity in the leasehold on May 1, 1916, which was the beginning of the term granted, was $150,000, which sum should be included in invested capital as of May 1, 1916. This sum should be amortized at the rate of $5,000 annually for each of the thirty years of the life of the lease. Therefore, at the end of the year 1916 the unamortized value of said leasehold was $146,666.67. The unamortized portion of the value of the said leasehold to be included in invested capital for the

year 1919 is $136,666.67. The said sum of $5,000 is deductible from petitioner's income for each of the years 1919 and 1920 on account of the exhaustion of petitioner's equity in the leasehold. *Washington Hotel Co.*, 4 B. T. A. 441.

The remaining question for our determination is whether the amount of tax allocated to the petitioner on the consolidated returns for 1919 and 1920, respectively, which were filed by the United Hotels Co., as stated in the findings of fact, should be credited to petitioner before the determination of any deficiency in tax for the years 1919 and 1920.

The term " deficiency " means the amount by which the tax imposed exceeds the amount of tax shown by the taxpayer on his return. Although the petitioner was denied affiliation with the United Hotels Co. for 1919 and 1920, we are of the opinion that the consolidated returns for 1919 and 1920, filed for and on behalf of the petitioner among other corporations, must be deemed to be petitioner's returns for those years within the meaning of the statute. Therefore, in accordance with decisions of this Board (*Mather Paper Co.*, 3 B. T. A. 1; *Cincinnati Mining Co.*, 8 B. T. A. 79; *C. A. O'Meara et al.*, 11 B. T. A. 101) petitioner should be credited with the amount of tax shown by the consolidated returns for 1919 and 1920 to have been allocated to petitioner and paid, namely, for the year 1919 the sum of $11,607.20, and for the year 1920 the sum of $9,731.13.

*Decision will be entered under Rule 50.*